## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Hillary Hepner and Lucy Pinder, | **Case No.**  3:21-cv-766-GNS |
| *Plaintiffs*, | **Judge**  Greg N. Stivers |
| v. | |
| DMN Inc. doing business as Thorobred Lounge, | |
| *Defendant*. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Hillary Hepner and Lucy Pinder (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, set forth and allege against DMN, Inc. ("Defendant") doing business as Thorobred Lounge, as set forth below:

### I.    INTRODUCTION

1.  This case is about a strip club's unauthorized use of two professional models' images and likenesses on social media to promote the strip club's business interests in violation of the models' rights under federal and state law and for which the models are entitled to damages and injunctive relief.

2.  Defendant ran advertisements for Defendant's strip club on Defendant's Facebook page.

3.  Defendant's advertisements featured Plaintiffs' images.

4.  Defendant had no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiffs into Defendant's advertisements for Defendant's strip club but did so anyway.

5.   Plaintiffs would not choose to advertise or promote Defendant's strip club at all as being affiliated with Defendant's strip club can harm Plaintiffs' reputations and brands and make it more difficult for Plaintiffs to obtain future work of their choosing.

6.   Even if Plaintiffs had been willing to allow their images to be used by Defendant – which they were not – Plaintiffs would have been rightfully entitled to payment for Defendant's commercial use of their images.

7.   Defendant has not paid Plaintiffs anything despite using Plaintiffs' images in Defendant's advertisements.

8.   Defendant's wrongful conduct, as further described and explained below, violates Plaintiffs rights under the federal Lanham Act, 15 U.S.C. § 1125(a), under Kentucky's statutory protection of the right of publicity, KRS 391.170, and under Kentucky common law with respect to the right of publicity, the right of privacy, negligence, unjust enrichment, and unfair competition, entitling Plaintiffs' to an award of damages, injunctive relief, and all such other relief as is just and proper as requested herein.

## II.   <u>PARTIES</u>

### A.   <u>Plaintiffs</u>

9.   Plaintiff Hillary Hepner is a well-known professional model and is a resident of South Carolina.

10. Plaintiff Lucy Pinder is a well-known professional model and is a resident of the United Kingdom of Great Britain and Northern Ireland.

### B.   <u>The Club and Defendant</u>

11. Thorobred Lounge (the "Club") is a strip club located at 3634 South Seventh Street, Louisville, Kentucky 40216.

12. DMN Inc. ("Defendant") is a corporation organized and existing under the laws of the Commonwealth of Kentucky with a principal office address of 4718 Poplar Level Road, Louisville, Kentucky 40213.

13. Defendant's registered agent and president is Ted Hayes with a listed registered agent address of 4714 Poplar Level Rd, Louisville, Kentucky 40213.

14. Defendant holds Kentucky Alcohol Beverage Control licenses for the Club.

15. Defendant is now, and at all times mentioned herein was, the owner and operator of the Club.

16. As the owner and operator of the Club, Defendant is ultimately responsible for the production and posting of advertisements for the Club by Defendant's officers, managers, employees, agents, or independent contractors.

### III.     JURISDICTION AND VENUE

17. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq.*

18. Venue is proper in this under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

### IV.     FACTUAL ALLEGATIONS

**A.     A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses**

19. Each Plaintiff is, and at all times mentioned herein was, a professional model who earns compensation by, among other things, commercializing her identity, image, likeness, trade dress and advertising ideas for many business endeavors, including the advertisement and promotion

of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

20. As professional models, Plaintiffs' business includes trading on their inherently distinctive looks, physical attractiveness, and personal brands to bring attention to the products, brands, and services that Plaintiffs choose to affiliate with.

21. Furthermore, a model's reputation directly impacts the commercial value associated with the use of their image, likeness, identity, or trade dress to promote a product or service.

22. As such, a model has the right to control the commercial exploitation of their name, image, likeness, identity, trade dress, and advertising ideas.

23. Each Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling industry.

24. Each Plaintiff carefully considers and vets the reputation, brand, and type of goods or services advertised by any potential client prior to authorizing the use of their image or likeness.

25. Each Plaintiff's career in modeling has substantial value derived from the goodwill and reputation each has built.

26. Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

27. Unauthorized use of each Plaintiff's image or likeness can diminish and disparage the goodwill and reputation each Plaintiff has built and the amount of compensation each Plaintiff can command for the licensed or authorized use of each Plaintiffs' image and likeness or for each Plaintiff's advertising ideas containing each Plaintiff's image and likeness.

28. As such, Plaintiffs must vigorously defend against unauthorized use of their image and likeness by third parties like Defendant that choose to misappropriate Plaintiffs' images for use

in Defendant's own advertisements without payment or consent, fraudulently representing to the public that Plaintiffs endorse, approve, or agreed to advertise Defendant's Club, and thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiffs, Plaintiffs' brands, and Plaintiffs' modeling work product.

**B.     Defendant Used Plaintiffs' Images and Likenesses to Promote Defendant's Business Interests**

29. As the owner of a strip club, Defendant's business includes trading on the physical attractiveness of women to entice customers into its Club.

30. Defendant uses social media accounts featuring images of physically attractive women to promote, advertise, and market the Club, solicit customers for the Club, and publish endorsements of the Club.

31. Defendant is ultimately responsible for the advertising content posted by or on behalf of Defendant through Defendant's officers, managers, employees, agents, or independent contractors on various web and social media accounts, including on the Club's web page and on the Club's Facebook accounts

32. Defendant's advertisements for the Club ran on at least the Facebook account https://www.facebook.com/louisvillestripclub/ (the Club's "Social Media Account").

33. Defendant provided links to the Club's Social Media Account on the Club's webpage https://thorobredlounge.business.site.

34. Defendant describes the Club as "Louisville's Finest Strip Club" on its website and as "Louisville's Premier Gentlemen's Club" on its Facebook page.

35. Defendant has, and at all times mentioned herein had, authority to control their own use of their webpage and Social Media Account to promote the Club.

36. Defendant misappropriated Plaintiffs' photographs, images, likenesses, and distinctive appearances in advertising materials published by or for Defendant on the Club's Social Media Account to market, promote, and advertise the Club, all without consent, authorization, or legal right.

37. By using Plaintiffs' images in Defendant's advertisements for the Club on the Social Media Account, Defendant fraudulently represented to the public that Plaintiffs endorse, are affiliated with, would perform at, or agreed to advertise the Club.

38. Defendant used Plaintiffs' images to bring attention from consumers to the Club and derive benefit from the some of the same qualities of Plaintiffs, including their physical look and distinctive appearances, that Plaintiffs trade on to earn income for themselves, thus competing with Plaintiffs over the very same consumer attention that contributes to the economic value of Plaintiffs' images, likenesses, identities, and trade dress in the first place.

39. Defendant's misappropriations of each Plaintiff's image, likeness, identity, and trade dress, falsely and fraudulently associating them with the Club, include *at least* the following advertisements, identified by Plaintiff(s) featured in the advertisement, date posted, social media account posted on, and uniform resource locator (URL) at which the advertisement could be found, as follows:

    a. Hillary Hepner, 2/11/2020, Facebook,

       https://www.facebook.com/louisvillestripclub/photos/474484646565120

    b. Lucy Pinder, 11/22/2018, Facebook,

       https://www.facebook.com/louisvillestripclub/photos/252881332058787

40. Screenshots of the advertisements listed above are attached as Exhibit A to this Complaint.

41. On information and belief, the advertisements listed above were posted by, at the direction of, or on behalf of Defendant.

42. As of the date of filing this complaint, the advertisements listed above are still publicly posted on Defendant's Social Media Account for the benefit of Defendant and are continuing violations of Plaintiffs' rights resulting in continuing harm and damage to Plaintiffs.

43. In the advertisements including the images and likenesses of Plaintiffs listed above, Plaintiffs are readily identifiable in that persons seeing the advertisements with the naked eye can reasonably determine that the persons depicted include Plaintiffs.

44. Plaintiffs' investigation of Defendant's unauthorized uses of imagery is ongoing and may reveal additional unauthorized uses of Plaintiffs' and other professional models' images by Defendant.

45. By placing each Plaintiff's image, likeness, and trade dress on the Club's Social Media Account, Defendant conveys and reasonably suggests, falsely and fraudulently, that Plaintiffs endorse the Club, are affiliated with the Club, participated in the Club, may appear at the Club, sponsor the Club, or agreed to advertise the Club.

46. Defendant has falsely represented to the public generally, as well as to advertising clients that had previously engaged or may in the future engage Plaintiffs as paid talent for modeling or other related endeavors, that Plaintiffs endorse the Club, are affiliated with the Club, participated in the Club, may appear at the Club, sponsor the Club, or agreed to advertise for the Club when in fact they do and did not.

47. Defendant's use of Plaintiffs' images, likenesses, identities, and trade dress was for a commercial purpose and for Defendant's commercial benefit.

48. Defendant used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase Defendant's revenue.

49. Defendant had and has no right, consent, authority, license, or authorization to use any of Plaintiffs' images in Defendant's commercial advertisements.

50. Defendant knew or should have known that they had no right to use Plaintiffs images in commercial advertisements making Defendant's unauthorized use of Plaintiffs' images knowing, willful, and intentional.

51. In the alternative, Defendant failed to exercise reasonable care, including reasonable care in the supervision of its officers, managers, employees, or contractors, or reasonable care in the promulgation and enforcement of policies and procedures, with respect to use of images in advertisements for the Club of only those persons for whom Defendant had valid consent, license, or authority.

**C.    Defendant's Unauthorized Use of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs**

52. In prior instances of authorized commercial marketing and use of each Plaintiff's image, likeness, identity, or trade dress by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to various terms and conditions and for agreed upon compensation.

53. Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

54. Defendant never sought Plaintiffs' permission to use any of Plaintiffs' images to advertise and promote the Club, or for any other purpose.

55. Plaintiffs never gave Defendant permission to use Plaintiffs' images or likenesses, nor did Plaintiffs otherwise authorize, license, assign, or grant Defendant any right to use Plaintiffs' images or likenesses for commercial purposes.

56. Defendant never compensated Plaintiffs for any use of any of Plaintiffs' images or likenesses.

57. Defendant's unauthorized use of Plaintiffs' images was and is misleading, confusing, and fraudulent.

58. Defendant misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

59. As a direct and proximate result of Defendant's exploitation of Plaintiffs' images and identities, Defendant made profits or gross revenues in an amount to be established at trial.

60. Plaintiffs have been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiffs' images and likenesses for commercial purposes, as Plaintiffs have been deprived of the fair market value compensation they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to the Club – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

61. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use as such use causes Plaintiffs to lose Plaintiffs' exclusive right to control the commercial exploitation of Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

62. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in

commercializing Plaintiffs' images and likenesses, or Plaintiffs' advertising ideas containing

Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be

established by proof at trial.

## V.    CLAIMS FOR RELIEF

### COUNT I
#### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by
#### False Association, False Endorsement, Unfair Competition, and/or False Advertising

63. Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same

by reference as though fully set forth herein.

64. Each Plaintiff brings this claim against Defendant.

65. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services
> … uses in commerce any word, term, name, symbol, or device, or
> any combination thereof, or any false designation of origin, false or
> misleading description of fact, or false or misleading
> representation of fact, which –
>
>> (A) is likely to cause confusion, or to cause mistake,
>> or to deceive as to the affiliation, connection, or association
>> of such person with another person, or as to the origin,
>> sponsorship, or approval of his or her goods, services, or
>> commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion,
>> misrepresents the nature, characteristics, qualities, or
>> geographic origin of his or her or another person's goods,
>> services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he
> or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

66. Defendant is liable to Plaintiffs for false association, false endorsement, unfair

competition, and/or false advertising violations of subsections 1125(a)(1)(A) and 1125(a)(1)(B)

of the Lanham Act, 15 U.S.C. § 1125(a)(1).

67. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

68. Each Plaintiff enjoys a substantial social media following and has appeared in authorized advertising campaigns, publications, shows, productions, or paid appearances.

69. Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

70. Each Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, identity, and trade dress.

71. Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, identity, and trade dress.

72. Prior to authorizing the use of their image, likeness, identity, or trade dress, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

73. Plaintiffs did not authorize Defendant's use of any Plaintiff's image, likeness, identity, or trade dress nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image, likeness, identity, or trade dress.

74. Defendant is responsible for the placement of each Plaintiff's image, likeness, identity, or trade dress on or in advertisements promoting the Club on the Club's Social Media Account without consent, license, authorization, or legal right.

75. Defendant's unauthorized use of each Plaintiff's image, likeness, identity, or trade dress is ongoing and continuing as of the date of this Complaint.

76. In Defendant's advertisements that contain Plaintiffs' image, likeness, identity, or trade dress, Plaintiffs are depicted and readily identifiable.

77. Defendant misappropriated each Plaintiff's image, likeness, identity, or trade dress in Defendant's advertisements for the Club to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club.

78. Defendant never sought Plaintiffs' consent to use Plaintiffs' image, likeness, identity, or trade dress.

79. Plaintiffs have never been employed by, performed at, danced at, or affiliated themselves in any way with the Club or Defendant.

80. Plaintiffs would not agree to allow their image, likeness, identity, or trade dress to be used to promote the Club and would not and do not endorse the Club or the Club's live nude dancing activities.

81. Defendant placed its advertisements containing the misappropriated image, likeness, identity, or trade dress of each Plaintiff on some of the very same social media marketing channels used in interstate commerce by Plaintiffs to promote both themselves and the third-party brands, products, and services Plaintiffs choose to promote.

82. Defendant's misappropriation of each Plaintiff's image, likeness, identity, or trade dress is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

83. On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

84. Defendant knew or should have known that they had no right to use Plaintiffs' image, likeness, identity, or trade dress to promote or advertise the Club.

85. Defendant knew or should have known that obtaining the right to use Plaintiffs' image, likeness, identity, or trade dress would have required consent and substantial compensation.

86. Defendant's unauthorized use of Plaintiffs' image, likeness, identity, or trade dress without seeking their consent under these circumstances constitutes willful and deliberate conduct.

87. In the alternative, Defendant negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of only images, likenesses, identities, or trade dresses in advertisements of individuals for whom Defendant had legal right.

88. As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiffs were affiliated with, performed at, endorsed, or otherwise promoted the Club.

89. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiffs as damages.

90. As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized use of their image, likeness, identity, or trade dress and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

91. Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT II**
**Violations of <u>KRS 391.170</u> *et seq.***
**<u>Statutory Violation of Plaintiffs' of Right of Publicity</u>**

92. Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

93. Each Plaintiff brings this claim against Defendant.

94. <u>KRS 391.170(1)</u> states:

> The General Assembly recognizes that a person has property rights in his name and likeness which are entitled to protection from commercial exploitation. The General Assembly further recognizes that although the traditional right of privacy terminates upon death of the person asserting it, the right of publicity, which is a right of protection from appropriation of some element of an individual's personality for commercial exploitation, does not terminate upon death.

95. Plaintiffs are living persons.

96. Plaintiffs' images and likenesses are elements of Plaintiffs' personality.

97. Plaintiffs' images and likenesses have significant commercial value.

98. Defendant commercially exploited Plaintiffs' images and likenesses by using Plaintiffs' images and likenesses in advertisements for Defendant's Club posted by Defendant on Defendant's Social Media Account so that Defendant could profit from patronage of the Club as described in detail above.

99. Defendant lacked any authorization, consent, license, or legal right to exploit Plaintiffs' images or likenesses for any commercial purpose or for purposes of trade.

100.    Defendant did not use each Plaintiffs' image and likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

101.     Defendant did not use each Plaintiffs' image and likeness primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiffs' image and likeness primarily for the purpose of commercially advertising Defendant's Club.

102.     Defendant invaded Plaintiffs' statutory rights of publicity through the acts set forth above and herein and as a result, is in violation of KRS 391.170 and Plaintiffs may recover from Defendant such damages as sustained by reason of the violation pursuant to KRS 446.070.

103.     As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

104.     As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value of the various unauthorized uses by Defendant of Plaintiffs' images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

105.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT III
### Common Law Violation of Plaintiffs' Rights of Publicity

106.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same be reference as though fully set forth herein.

107.     Each Plaintiff brings this claim against Defendant.

108.     Kentucky recognizes a common law right of publicity whereby each Plaintiff holds the exclusive right to control the commercial value of their identity.

109.     Plaintiffs' images and likenesses are elements of Plaintiffs' identity.

110.     Plaintiffs' images and likenesses have significant commercial value.

111.     As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used Plaintiffs' images, likenesses, and identities on its Social Media Account without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

112.     Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, and other values of each of the Plaintiff's and their images, likenesses, and identities without consent.

113.     Plaintiffs' faces and bodies are clearly visible and readily identifiable and distinguishable in the Defendant's advertisements.

114.     Plaintiffs never consented to, authorized, licensed, or otherwise permitted Defendant's use of their images, likenesses, or identities for any purpose. Rather, Defendant misappropriated Plaintiffs' images without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

115.     Defendant did not use each Plaintiffs' image and likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

116.     Defendant did not use each Plaintiffs' image and likeness primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiffs' image and likeness primarily for the purpose of commercially advertising Defendant's Club.

117.     Defendant acted intentionally in using Plaintiffs' images and, knowing it did not have permission to use the images, posted the images to Defendant's social media platforms in an

effort to market Defendant's Club and its activities and events without the authorization of Plaintiffs.

118.     In the alternative, Defendant acted with reckless disregard or negligently with respect to Plaintiffs' legal rights by permitting, allowing, or condoning the use of Plaintiffs' images on its social media pages for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant, Defendant's Club, and their activities.

119.     Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

120.     Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

121.     Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs an association with, involvement with, or endorsement of Defendant's Club and their live adult entertainment related activities.

122.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses.

123.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has earned and withheld profits attributable directly or indirectly

to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

124.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT IV
## Common Law Violation of Plaintiffs' Rights of Privacy through Appropriation

125.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same be reference as though fully set forth herein.

126.     Each Plaintiff brings this claim against Defendant.

127.     The appropriation prong of the Kentucky common law tort of invasion of privacy protects an individual's commercial interests in their identity.

128.     The interests protected by the appropriation prong of the Kentucky common law right of privacy are nearly identical to the protections afforded by the Kentucky common law right of publicity.

129.     The main differences between the appropriation prong of the right of privacy and the right of publicity concern questions of transferability and survivability not at issue in this case as Plaintiffs are living persons and have not transferred the rights they seek to vindicate.

130.     Plaintiffs re-state and re-allege paragraphs 109 through 124 above and incorporate the same be reference as though fully set forth herein.

131.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## Count V
## Negligence

132.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

133.     Each Plaintiff brings this claim against Defendant.

134.     Defendant had a duty to refrain from appropriating the images of those with whom it had not contracted and had not paid, to refrain from violating state statutes including KRS § 391.170, and to refrain from causing harm to Plaintiffs and their reputations through false advertising, as well as a duty to promulgate and enforce policies and procedures with respect to the use of only such images in advertising to which Defendant had legal right and authority.

135.     As previously described, Defendant breached said duties by posting, without consent or authorization, each Plaintiffs' image in advertisements on Defendant's social media account in order to advertise, promote, and market Defendant, Defendant's Club, and their activities and by failing to promulgate or enforce adequate policies and procedures with respect to use of only authorized imagery.

136.     Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of establishments such as Defendant's Club and their related activities of live nude dancing.

137.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses.

138.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

139.     Defendant's conduct as described herein constitutes negligence.

140.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**Count V**
**Unjust Enrichment**

141.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

142.     Each Plaintiff brings this claim against Defendant.

143.     As previously alleged, Defendant used Plaintiffs' misappropriated images and likenesses to advertise and promote Defendant, Defendant's Club, and their activities, thereby driving customers, business, and revenue to Defendant, Defendant's Club, and their activities. Accordingly, Plaintiffs conferred a benefit on Defendant.

144.     Defendant knew that it benefited from the use of Plaintiffs' images as is evident from the fact that Defendant posted Plaintiffs' images to promote and advertise Defendant, Defendant's Club, and their activities.

145.     Nonetheless, although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a

professional model's image and likeness for Defendant's commercial benefit, Defendant retained the benefits of using Plaintiffs' images and likenesses without compensating Plaintiffs.

146.     Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

147.     Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and brands by attributing to Plaintiffs their association with, involvement with, or endorsement of disreputable establishments, such as Defendant's Club and their related activities.

148.     As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness.

149.     As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

150.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

### Count VI
### Unfair Competition

151.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

152.     Each Plaintiff brings this claim against Defendant.

21

153.     As described above, Defendant engaged in unfair competition in the course of its business by misappropriating Plaintiffs' images and using such images without authorization on its social media platforms in such a way that causes likelihood of confusion or misunderstanding as to Plaintiffs' sponsorship, approval, affiliation, connection, and/or association with Defendant, its Club, and their activities.

154.     Indeed, as described above, Defendant's use of Plaintiffs' images and likenesses represents to the public that Plaintiffs work for, sponsor, approve of, or are affiliated, connected, or otherwise associated with Defendant, Defendant's Club, and their activities.

155.     Defendant's advertisements, promotions, and publications using Plaintiffs' images and likenesses, however are false, misleading, confusing, and fraudulent. Plaintiffs do not work for and neither sponsor nor approve of Defendant, Defendant's Club, or their activities, nor are Plaintiffs affiliated, connected, or otherwise associated with Defendant, Defendant's Club, or their activities.

156.     Plaintiffs never consented to, authorized, or otherwise permitted Defendant's use of their images, likenesses, or identities for any purpose. Rather, Defendant misappropriated Plaintiffs' images in a clandestine fashion without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

157.     Defendant acted intentionally by selecting Plaintiffs' images and, knowing they did not have permission to use the images, posted the images to Defendant's social media platforms in an effort to market Defendant, Defendant's Club, and their activities.

158.     In the alternative, Defendant acted with reckless disregard or negligently with respect to Plaintiffs' legal rights by permitting, allowing, or condoning the use of Plaintiffs' images

on its social media account for the purpose of marketing and advertising Defendant, Defendant's Club, and their activities.

159.     Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

160.     Upon information and belief, as a direct and proximate result of Defendant's unfair competition, members of the public were deceived into believing that Plaintiffs worked for, sponsored, approved of, or were affiliated, connected, or otherwise associated with Defendant, Defendant's Club, or their activities, resulting in increased patronage to Defendant's Club, increased business, and increased profits for Defendant.

161.     Defendant's unfair competition has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and brands by attributing to Plaintiffs their association with, involvement with, or endorsement of disreputable establishments, such as Defendant's Club and their related activities.

162.     As a direct and proximate result of Defendant's unfair competition, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness.

163.     As a direct and proximate result of Defendant's unfair competition, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

164.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**Count VII**
**Injunctive Relief**

165.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

166.     Defendant has misappropriated Plaintiffs' images and likenesses for use in Defendant's marketing, advertisements, and promotions, thereby falsely suggesting or implying, *inter alia*, that (1) Plaintiffs worked at, endorsed, or were otherwise affiliated with Defendant, Defendant's Club, and/or their activities, (2) Plaintiffs consented to or authorized Defendant or Defendant's Club to use their images in order to advertise, promote, and market Defendant, Defendant's Club, and/or their activities, and/or (3) Plaintiffs would participate in or appear at the specific events promoted in Defendant's advertisements and promotions.

167.     As described above, Defendant's actions violate state and federal law and have caused and will continue to cause Plaintiffs substantial and irreparable harm for which there is no adequate remedy at law.

168.     Defendant's violations are ongoing as Plaintiffs' images and likenesses remain posted on Defendant's Social Media Account as of the date of filing of this Complaint.

169.     Injunctive relief is necessary to prohibit Defendant from continuing to engage in the conduct described in this Complaint.

170.     Plaintiffs therefore seek injunctive relief, requiring Defendant to remove Plaintiffs' misappropriated images from Defendant's Social Media Account and enjoining Defendant from using Plaintiffs' images in the future without authorization.

171.     Such injunctive relief will not cause harm to any third parties. Rather, such injunctive relief will benefit third parties and the public, as such relief will aid in mitigating the misleading and confusing effects of Defendant's false advertising.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant on each of the claims listed above and relief as follows:

1.     Actual, consequential, and incidental damages in an amount to be proven at trial;

2.     The amount due, owing, and unpaid to Plaintiffs representing the fair market value for Defendant's unauthorized uses of Plaintiffs' images and likenesses in advertisements for the Club;

3.     Trebling of damages as permitted by law;

4.     Prejudgment interest in an amount permitted by law;

5.      Disgorgement of Defendant's profits;

6.     A permanent injunction barring Defendant's unauthorized use of Plaintiffs' images or likenesses in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to remove all uses of Plaintiffs' images and likenesses from Defendant's Facebook account;

7.     Costs of this lawsuit;

8.     Reasonable attorneys' fees; and

9.     All such other and further relief as to this Court seem just, proper and equitable.

## VII.     JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated:  December 28, 2021                        Respectfully submitted,

 /s/ J. Allan Cobb_____

J. Allan Cobb
Andrea Hunt
**COBB LAW, PLLC**
1303 Clear Springs Trace, Suite 100
Louisville, Kentucky 40223
Telephone: (502) 966-7100
Facsimile: (502) 434-5900
allancobb@cobblawpllc.com
andreahunt@cobblawpllc.com
*Counsel for Plaintiffs*

 /s/ Edmund S. Aronowitz_____

Edmund S. Aronowitz
Michigan Bar #: P81474
(*pro hac vice* motion to be filed)
**ARONOWITZ LAW FIRM PLLC**
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
edmund@aronowitzlawfirm.com
*Counsel for Plaintiffs*